DECISION AND JOURNAL ENTRY
Appellant-defendant Robert A. Hoag appeals from his convictions in the Medina County Court of Common Pleas for possession of cocaine, possession of marijuana, and possession of drug paraphernalia. This Court affirms.
Following a July 10, 1998 search of his home and person, the Medina County Grand Jury indicted Hoag on September 16, 1998, on one count of possession of cocaine in violation of R.C.2925.11(A)(C), one count of possession of marijuana in violation of R.C. 2925.11(A)(C), and one count of possession of drug paraphernalia in violation of R.C. 2925.14(C). Hoag initially pled not guilty to the charges. Hoag then moved on November 13, 1998, to suppress evidence recovered during the search, as well as various oral statements that he had made. Following a hearing held on December 11, 1998, the trial court denied Hoag's motion in an entry journalized on December 31, 1998. Thereafter, Hoag pled no contest to the charges against him in May 1999. The trial court proceeded to sentence Hoag in a nunc pro tunc judgment entry to six months imprisonment for the possession of cocaine count and to thirty days incarceration for the possession of drug paraphernalia, in addition to imposing a six-month license suspension of Hoag's operator's privileges. No fine was imposed for the minor misdemeanor possession of marijuana count.
Hoag timely appeals, asserting one assignment of error:
 THE TRIAL COURT ERRED IN ITS DECEMBER 31, 1998 DECISION WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE SEIZED FROM THE PERSON OF THE APPELLANT.
On appeal, Hoag argues that the trial court erred in denying his motion to suppress because he did not consent to the search of his person. This Court disagrees.
Because the decision to grant or deny a motion to suppress involves a question of law, an appellate court reviews the denial of a motion to suppress the result of an alleged consent search denovo. State v. Arnold (Apr. 28, 1999), Medina App. No. 2884-M, unreported, citing State v. Russell (1998), 127 Ohio App.3d 414,416. As this Court has explained,
 "[w]hen considering a motion to suppress, the trial court assumes the role of trier of fact and thus, stands in the best position to resolve issues of fact and witness credibility. Accordingly, [an appellate court] must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting such facts as true, this court must independently determine, as a matter of law, whether the facts meet the requisite legal standard."
 State v. Cumberledge (Sept. 16, 1998), Lorain App. No. 97CA006959, unreported, quoting Cuyahoga Falls v. Stephenson
(June 18, 1997), Summit App. No. 18011, unreported. Accordingly, this Court must review the totality of the surrounding circumstances and conduct a de novo determination of the voluntariness of the alleged consent to search. Arnold, supra, citing Ohio v. Robinette (1996), 519 U.S. 33; State v. Ingram (1992), 82 Ohio App.3d 341, 347.
In his appellate brief, Hoag states that "the only possible basis for a permissible warrantless search of his person would be if he voluntarily consented to the same." Hoag not only denies having given such consent, but claims that he "was not even asked if he would agree to a search of his person." A review of the transcript of the suppression hearing, however, reveals that the trial court heard testimony indicating that Hoag had indeed agreed to a requested search of his person. An eighteen-year veteran police officer who was an agent with the Medina County Drug Task Force testified that, after learning of a drug transaction that had taken place at the Hoag residence, the decision was made to attempt to obtain a consent search of the house. The officer explained that he and another officer went to the Hoag residence, knocked on the door, and were told to enter by Hoag. Once inside, the officer testified, he asked Hoag whether they could conduct a consent search of both the house and the people inside the house. The officer explained that Hoag had agreed to the search.
On cross-examination, counsel for Hoag explored the circumstances of the search and whether the scope of the consent included consent to search Hoag's person:
 Q. * * * Now, when you went to the Hoag residence, what exactly did you say to Mr. Hoag the first time you spoke to him?
 A. Introduced myself, told him the reason that we were there, and asked him if he would give us consent to search his house. If he didn't give consent, I was prepared to write a search warrant and seek a judge and search the house that way.
* * *
Q. And what did Mr. Hoag say?
 A. [Hoag] said, "Go ahead and search. I don't have anything to hide." Something to that effect.
 Q. You didn't tell him you were going to search his person, did you?
 A. I told him the consent search meant search everybody in that house, their persons, everybody in that house. A consent search applied to containers in that house also.
* * *
 Q. Do you think Mr. Hoag has to tell you that he doesn't want to be searched? Is that your understanding of the Constitution?
 A. Whenever I tell Mr. Hoag that a consent search of his house also applies to him, if he's not smart enough to tell me "You can search everything but me," I can't tell him, Mr. Hoag, what to think, what to say.
No testimony was presented that was contrary to the officer's account of what had transpired. Although Hoag's wife testified at the hearing, she explained that she had been asleep in another room at the time the officer initially spoke with Hoag. Hoag did not testify.
Accordingly, the trial court stated in its December 31, 1998 journal entry that it "found the testimony of the agent that the Defendant had given consent to be credible." Given the uncontroverted testimony reproduced above, this Court declines to say that the trial court erred in finding that Hoag had voluntarily consented to a search of his person.[1]
Hoag's assignment of error is not well taken. The judgment of the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _____________________ DONNA J. CARR
BAIRD, P.J., SLABY, J., CONCUR.
[1] Although Hoag argues that he "was not even asked if he would agree to a search of his person," he also devotes a portion of his brief to arguing that a coercive atmosphere existed that precluded him from voluntarily giving consent. Having reviewed the testimony presented in full, this Court rejects the contention that the atmosphere surrounding the events in question precluded voluntary consent.